IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN INGRAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MONEY MAP PRESS, LLC,<br><br>　　　　　Defendant. | Case No. 23-cv-05802-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING REQUESTS FOR JURISDICTIONAL DISCOVERY** |

Plaintiff Warren Ingram ("Plaintiff") sues Defendant Money Map Press, LLC ("Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C § 227. Defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). The Court finds the matter suitable for disposition without oral argument under Civil Local Rule 7-1(b) and VACATES the hearing scheduled for August 9, 2024. For the reasons described below, the Court GRANTS the motion to dismiss and DENIES Plaintiff's requests for jurisdictional discovery.

**I.　BACKGROUND**

Plaintiff Warren Ingram, a resident of San Jose, California, sues Defendant Money Map Press, LLC pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, alleging that Defendant negligently, knowingly and/or willfully transmitted unsolicited text messages in violation of 47 U.S.C § 227. Compl. (dkt. 1) ¶ 2. Plaintiff alleges that, despite being on the Do Not Call registry, Defendant sent him approximately 124 unsolicited text messages over the course of nine months. Id. ¶ 26. Plaintiff seeks money damages and injunctive relief. Id. ¶¶ 38–39, 42–43.

Defendant, a company incorporated and with its principal place of business in

1  Maryland, moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil
2  Procedure 12(b)(2).  Mot. to Dismiss (dkt. 21).  Plaintiff argues that the Court should deny
3  the motion, because the Court has specific personal jurisdiction over Defendant.  Pl. Opp'n
4  (dkt. 26).  In the alternative, Plaintiff asks the Court to grant jurisdictional discovery.  Id.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

Under Rule 12(b)(2), a defendant can move to dismiss a plaintiff's case for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss."  Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011).

A plaintiff can establish a prima facie showing of jurisdictional facts by producing admissible evidence that, if believed, would be sufficient to establish personal jurisdiction.  See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003).  Courts must take "uncontroverted allegations in [the plaintiff's] complaint . . . as true," and must resolve "conflicts between the facts contained in the parties' affidavits . . . in [the plaintiff's] favor."  Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010).  However, "bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden."  Swartz v. KPMG LLP, 476 F.3d 756, 766 (9th Cir. 2007).  "Nor is the court required to accept as true allegations that are . . . unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

### B.   Personal Jurisdiction

A federal district court's jurisdiction over a defendant is the same as "the jurisdiction of a court of general jurisdiction in the state where the district court is located."  Fed. R. Civ. P. 4(k)(1)(A).  California "allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution."  See Daimler AG v. Bauman, 571

U.S. 117, 125 (2014); see also Cal. Civ. Proc. Code § 410.10. Under the Fourteenth Amendment's Due Process Clause, "a tribunal's authority depends on the defendant's having such 'contacts' with the forum State that 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice.'" Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct., 592 U.S. 351, 352 (2021) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316–17 (1945)). This inquiry "has long focused on the nature and extent of 'the defendant's relationship to the forum State.'" Id. (quoting Bristol-Myers Squibb Co. v. Super. Ct. of Cal., 582 U.S. 255, 262 (2017)). That focus has resulted in two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." Id.

A federal court may exercise general jurisdiction over a defendant only if the defendant is "essentially at home" in the forum state. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). Specific jurisdiction "covers defendants less intimately connected with a State" and "only as to a narrower class of claims." Ford Motor Co., 592 U.S. at 359, 134 S. Ct. at 1020. Whereas general jurisdiction depends on the relationship between the defendant and the forum, specific jurisdiction depends on the relationship between "the defendant, the forum, and the litigation." Walden v. Fiore, 571 U.S. 277, 284 (2014) (quoting Keeton v. Hustler Mag., Inc., 465 U.S. 770, 775 (1984)). "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required," such a defendant must still have "'minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Id. at 283 (quoting Int'l Shoe Co., 326 U.S. at 316).

With those principles in mind, the Ninth Circuit "established a three-prong test for analyzing a claim of specific personal jurisdiction":

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the

3

      forum, thereby invoking the benefits and protections of its laws;

      (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

      (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (citing Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)). "The plaintiff bears the burden on the first two prongs," and once those are established, the defendant must show a "'compelling case' that the exercise of jurisdiction would not be reasonable." Ayla, LLC v. Alya Skin Pty. Ltd., 11 F.4th 972, 979 (9th Cir. 2021) (quoting Boschetto v. Hansing, 539 F.3d 1011, 1016 (9th Cir. 2008)).

      A "purposeful availment analysis is most often used in suits sounding in contract" while a "purposeful direction analysis is most often used in suits sounding in tort." Schwarzenegger, 374 F.3d at 802. Here, a purposeful direction analysis applies because a TCPA claim is "essentially a tort claim, not a contract claim." Schlesinger v. Collins, No. 19-cv-03483-EMC, 2019 WL 4674396, at *2 (N.D. Cal. Sept. 25, 2019). The Ninth Circuit applies a three-factor effects test, which finds purposeful direction if the defendant: "(1) has committed an intentional act; (2) expressly aimed at the forum state; and (3) causing harm that the defendant knows is likely to be suffered in the forum state." Schwarzenegger, 374 F.3d at 805 (quoting Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002)).

### C. Jurisdictional Discovery

      A district court has "broad discretion to permit or deny [jurisdictional] discovery, . . . and its decision will not be reversed except 'upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'" Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986) (quoting Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)). "Prejudice is established if there is a reasonable probability that the outcome would have been different had discovery been allowed."

Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003).

"Discovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" Butcher's Union, 788 F.2d at 540 (quoting Data Disc, Inc., 557 F.2d at 1285 n.1). "[A] refusal to grant discovery to establish jurisdiction is not an abuse of discretion when 'it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction.'" Laub, 342 F.3d at 1093 (9th Cir. 2003) (citing Wells Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 430 (9th Cir. 1977)).

A plaintiff must establish a "colorable" basis for personal jurisdiction before jurisdictional discovery will be allowed, offering "'some evidence' tending to establish personal jurisdiction over the defendant." Jeong v. Nexo Fin. LLC, No. 21-CV-02392-BLF, 2022 WL 174236, at *15 (N.D. Cal. Jan. 19, 2022) (citation omitted); see also Stanford Health Care v. Hawaii Med. Serv. Ass'n, No. 21-CV-06720-HSG, 2022 WL 4021759, at *5 (N.D. Cal. Sept. 2, 2022). "This 'colorable' showing should be understood as something less than a prima facie showing." Jeong, 2022 WL 174236, at *15 (citation omitted); see also Stanford Health Care, 2022 WL 4021759, at *5. But where a plaintiff's request for discovery is based on "little more than a hunch that it might yield jurisdictionally relevant facts," its denial is within the district court's discretion. See Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008).

**III. DISCUSSION**

First, the Court addresses why it lacks general and specific personal jurisdiction over Defendant. Second, the Court explains why Plaintiff is not entitled to jurisdictional discovery.

**A.  Motion to Dismiss for Lack of Personal Jurisdiction**

Defendant argues that this Court does not have general personal jurisdiction over it because it is not "at home" in California. See Mot. to Dismiss at 8; Def. Ex. 1, Decl. of Kathryn Melchor (dkt. 21-2) ¶ 5. Defendant also argues that Plaintiff has not established

5

specific personal jurisdiction because the first two prongs of the Ninth Circuit's test are not met. See Mot. to Dismiss at 8. The Court will address each argument in turn.

### 1. General Jurisdiction

General jurisdiction exists when a defendant is domiciled in the forum state or when a defendant's activities in the forum state are "substantial" or "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–16 (1984). For a corporation, the paradigm forum for the exercise of general jurisdiction is one in which the corporation is "fairly regarded as home." Goodyear Dunlop Tires, 564 U.S. at 924.

Defendant argues that Plaintiff has not established general jurisdiction because it is at home in Maryland—where it is incorporated and principally located—not in California. See Mot. to Dismiss at 8; Def. Ex. 1, Decl. of Kathryn Melchor ¶ 5. Plaintiff does not dispute this assertion. See generally Pl. Opp'n. Because there is no evidence that Defendant's activities in California are "substantial" or "continuous and systematic" such that it could be fairly regarded as at home in California, the Court concludes that it cannot exercise general personal jurisdiction over Defendant.

### 2. Specific Jurisdiction

In TCPA actions, courts consistently decline to find personal jurisdiction where the cellphone number at issue has an out-of-state area code and no other relevant evidence suggests that the defendant purposefully directed conduct at the forum state. See Nichols v. 360 Ins. Grp., No. 22-cv-03899-RS, 2023 WL 163201, at *5–6 (N.D. Cal. Jan. 11, 2023); see also Komaiko v. Baker Techs., Inc., No 19-cv-03795-DMR, 2020 WL 1915884, at *6–7 (N.D. Cal. Apr. 20, 2020).

Here, Defendant submitted a sworn declaration stating that Plaintiff opted in to receive text messages from an out-of-state cell phone number and provided no other location information. Def. Ex. 1 (dkt. 21-2) ¶ 6. Defendant also included an email from Plaintiff's counsel confirming that Plaintiff's cell phone number that received the alleged illegal texts has a 702 area code—which is associated with Las Vegas, Nevada. Def. Ex. 2

(dkt. 21-3). Based on this information, Defendant contends that it could not have known Plaintiff lived in California, and therefore it could not have "purposefully directed" its activities to California nor could Plaintiff's claim have arisen out of its forum-related activities. See Mot. to Dismiss at 8. Because there is no additional evidence that Defendant expressly aimed the text messages to California, Defendant argues that the case should be dismissed for lack of personal jurisdiction. Id.

Plaintiff argues that Defendant did know that he lived in California, and therefore it purposefully directed the unsolicited text messages at the state. Pl. Opp'n at 2. He submits a declaration from his counsel, which attaches several screenshots from the Money Map Press website. See Pl. Decl. of Ryan L. McBride (dkt. 26-1) ¶¶ 4–6. The first screenshot shows an F.A.Q. on the website, which explains how one can subscribe to the text alerts. Pl. Ex. 1 (dkt. 26-2). The second is a profile page where a customer can enter personal information, including their address. Pl. Ex. 2 (dkt. 26-3). And the third is a page where customers can contact Money Map Press customer service, which includes a field to enter a zip code. Pl. Ex. 3 (dkt. 26-4). According to Plaintiff, if the only way to subscribe for text alerts was to make a profile and provide an address, he would have entered his California address. Pl. Opp'n at 5; see Pl. Ex. 2. If he instead signed up for texts by contacting customer service, Plaintiff asserts that he would have put in his California zip code, and so Defendant still would have known that he was residing in California. Pl. Opp'n at 5.

Defendant responds by pointing out that Plaintiff did not provide a declaration stating that he actually provided a California address when signing up for text messages, and that the screenshots provided in his counsel's declaration are purely speculative and undated, and therefore cannot be considered admissible evidence. Id.; see Harris Rutsky & Co. Ins. Servs., 328 F.3d at 1129.

The Court concludes that Plaintiff does not meet his burden to establish that Defendant purposefully directed its activities to California, and therefore this Court does not have personal jurisdiction over Defendant. See Schwarzenegger, 374 F.3d at 802.

7

Plaintiff acknowledges that the phone number to which Defendant sent the text messages has an out-of-state area code, see Def. Ex. 2 (dkt. 21-3), and the Court finds no other evidence that suggests Defendant purposefully directed conduct at the forum state.

Plaintiff's screenshots from the Money Map Press website are inapposite. For one, they are undated, so it is impossible to know if they show the same webpage that the Plaintiff would have seen at the time of his registration, and the website is no longer active to verify Plaintiff's allegations. Even assuming it is the same webpage, these screenshots fail to establish a prima facie showing of jurisdictional facts. Neither the Account Profile page, nor the Customer Service Request page required Plaintiff to enter any location information. See Pl. Ex 2 (lacking any indication that the address fields are required when making a profile); Pl. Ex. 3 (showing that zip code field is not required to send a message to customer service). And Plaintiff never asserts that he actually submitted location information to Defendant using either of these pages. Rather, his briefing speaks in hypothetical terms—suggesting that "if the court hypothetically considers Defendant's position as true, Plaintiff would have to have created an account . . . [and] enter his address."[1] Pl. Opp'n at 5. However, the Court is not required to "accept as true allegations that are . . . unwarranted deductions of fact"—which is exactly what his allegations amount to. In re Gilead Scis. Sec. Litig., 536 F.3d at 1055. Ultimately, Plaintiff presents no evidence contradicting Defendant's sworn declaration that it did not receive any location information from Plaintiff.

Plaintiff's arguments surrounding the screenshots are merely unwarranted deductions of fact that fail to establish that Defendant purposefully directed the text messages at California. Plaintiff fails to meet his burden to establish the first prong of the Ninth Circuit's specific personal jurisdiction test, and the Court therefore GRANTS Defendant's motion to dismiss for lack of personal jurisdiction. See Nichols, 2023 WL

---

[1] Plaintiff also notes that Defendant "does not provide any further information on how [] Plaintiff opt[ed] in to receive text messages from the Defendant," see Pl. Opp'n at 5, but this is irrelevant. It is Plaintiff's burden to establish purposeful direction, not Defendant's. See Ayla, LLC, 11 F.4th at 979.

163201, at *5–6.

### B. Jurisdictional Discovery

Plaintiff asks, in the alternative, for the Court to grant jurisdictional discovery on two issues: (1) how Defendant acquired his phone number; and (2) Defendant's contacts with California. See Pl. Opp'n at 8. Defendant argues that Plaintiff is not entitled to discovery for either request. See Def. Reply at 5. The Court agrees with Defendant.

#### 1. Defendant Acquiring Plaintiff's Phone Number

Plaintiff first requests jurisdictional discovery into how Defendant acquired his phone number. See Pl. Opp'n at 8. Plaintiff contends that this discovery will address whether Defendant was aware of Plaintiff's California residency—i.e., whether Defendant did obtain Plaintiff's California address or zip code from the website—and therefore would determine whether specific personal jurisdiction exists. Id.

Defendant argues that Plaintiff's assertion that he did not opt in to receive text messages, and that if he did he would have created an account, "are nothing more than unsupported and speculative attorney argument, which is not evidence required to justify allowing jurisdictional discovery." See Reply at 7 (citing Carsey-Werner Co., LLC v. Brit. Broad. Corp., No. CV 17-8041 PA (ASX), 2018 WL 1083550, at *8 (C.D. Cal. Feb. 23, 2018) ("The Court also need not permit discovery when it is based on speculation that contradicts actual evidence.")).

Here, the controverted issue of how Defendant obtained Plaintiff's number is a pertinent fact that bears on the question of jurisdiction. However, Plaintiff has not introduced a "colorable" basis—that is, some evidence tending to establish personal jurisdiction over Defendant—to warrant the Court permitting jurisdictional discovery. See Jeong, 2022 WL 174236, at *15. Plaintiff's only purported basis for personal jurisdiction is his assertion that Defendant "hypothetically" could have only acquired Plaintiff's phone number along with his California address or zip code from the website. See Pl. Opp'n at 5. But "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and

9

based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006) (citation omitted). Plaintiff's assertion that Defendant must have been on notice that he resided in California is based on such bare and attenuated allegations. Unlike Defendant who submitted a sworn declaration stating that Plaintiff opted in to receive messages but did not provide any information suggesting he resided in California, Plaintiff alleges only that "hypothetically" he would have provided his location information to the Defendant when he opted in to text messages. See Pl. Opp'n at 5. This allegation—which is "little more than a hunch that it might yield jurisdictionally relevant facts"—fails to demonstrate a colorable basis warranting jurisdictional discovery. See Boschetto, 539 F.3d at 1020.

Therefore, the Court DENIES Plaintiff's first request for jurisdictional discovery.

### 2. Defendant's Contacts with California

Plaintiff also seeks discovery on Defendant's contacts with California beyond allegedly sending the unsolicited text messages to his phone number. See Pl. Opp'n at 9. Plaintiff contends that Defendant must target consumers outside of Maryland, given that Defendant admitted to sending text messages to a Las Vegas phone number, and therefore Defendant may be subject to the personal jurisdiction of various states, including California. Id.

Defendant disputes that Plaintiff is entitled to conduct jurisdictional discovery into its additional contacts with California. See Reply at 7. Defendant argues that such discovery "concerning contacts unrelated to Plaintiff's cause of action" would relate only to general jurisdiction—which Plaintiff has not alleged exists and therefore has no colorable basis for the request. Id.

The Court agrees with Defendant. Plaintiff has not established a "colorable" basis for personal jurisdiction over Defendant based on Defendant's single text message to a Las Vegas phone number. See Jeong, 2022 WL 174236, at *15. Rather, Plaintiff's belief that

Defendant may have sufficient contacts with California to establish personal jurisdiction, based only on an inference that Defendant has targeted consumers in other non-California states in the past, is merely a "hunch." See Boschetto, 539 F.3d at 1020. And, as Defendant correctly points out, such discovery would only bear on the question of general personal jurisdiction because such contacts would be unrelated to Plaintiff's claims, and Plaintiff has not alleged that general jurisdiction exists here. See Reply at 7.

Permitting jurisdictional discovery into a defendant's "contacts with the forum state" with no evidence of any contacts with the forum state would open the floodgates to jurisdictional discovery in every case where personal jurisdiction is challenged. Because Plaintiff has not established a "colorable" basis for personal jurisdiction based on Defendant's one text message to Nevada phone number, the Court DENIES Plaintiff's second request for jurisdictional discovery.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss for lack of personal jurisdiction and DENIES Plaintiff's requests for jurisdictional discovery.

**IT IS SO ORDERED.**

Dated: July 24, 2024

CHARLES R. BREYER
United States District Judge